**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LUIS JOSE ARELLANO, | Civil Action No. 19-1001 (JMV) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| BRUCE DAVIS, *et al.*, | |
| Respondents. | |

1. Presently before the Court is *pro se* Petitioner Jose Luis Arellano's (Petitioner) second motion to stay this habeas matter.[1] (DE 14). For the reasons set forth below, Petitioner's motion is denied.

2. On or about January 22, 2019, Petitioner filed his pertinent habeas pleading seeking relief pursuant to 28 U.S.C. § 2254 (the "Petition"). (DE 1). The Petition sets forth three grounds for relief, two of which are ineffective assistance of counsel claims and one related to the trial court admitting improper propensity evidence. (*Id.* at 8-12.) Petitioner provides that all three claims were raised in either his direct appeal or first post-conviction relief ("PCR") filing. (*Id.* at 10-13.)

3. On or about November 4, 2019, Petitioner filed the present motion to stay this federal habeas matter so that he can litigate a second PCR petition which is pending before the Superior Court of New Jersey in Hudson County. (DE 14 at 1.) Petitioner submits that his pending PCR filing relates to the New Jersey's Supreme Court's 2018 decision in *State v. J.L.G.*,[2] 190 A.3d

---

[1] Petitioner's previous motion to stay was denied on August 9, 2019. (DE 10).
[2] Petitioner cites to *State v. J.L.G.* as 229 N.J. 606 (2017), however that cite is to the New Jersey

442 (N.J. 2018), which held expert testimony of Child Sexual Abuse Accommodation Syndrome ("CSAAS") cannot be permitted as part of a criminal case against a defendant.[3] Petitioner submits that such testimony at his trial deprived him of his right to a fair trial and due process of law. (DE 14 at 1.) The Court has reviewed Petitioner's second PCR submission to the state court, which he appended to the instant motion for a stay. (DE 14 at 4-13.) He also appears to be raising an ineffective assistance of trial counsel claim before the PCR Court. (*Id.* at 9-12.)

4. Petitioner does not relate the currently pending state PCR claim to any of the constitutional claims raised in his federal habeas petition, consequently his petition is not "mixed" for stay and abeyance purposes.

5. Moreover, the New Jersey Supreme Court's opinion in *State v. J.L.G.* does not provide retroactive application of its proscription on CSAAS testimony. *See State v. G.E.P.*, 205 A.3d 1155,1162 (2019) (held the New Jersey Supreme Court's holding in *J.L.G.* should be given "pipeline retroactivity" for cases that have not exhausted all avenues of direct review at the time the *J.L.G.* decision was issued but not complete retroactive effect). Plaintiff had exhausted all avenues of direct appeal when the *J.L.G.* opinion was issued in 2018.

6. A state prisoner applying for a writ of habeas corpus under § 2254 in federal court must first "exhaust[] the remedies available in the courts of the State," unless "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(l). A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction relief

---

Supreme Court's 2017 order granting the petition for certification on the issue of whether the trial court properly denied defendants motion to exclude CSAAS testimony.

[3] Petitioner was convicted in 2015 for sex offenses related to a child victim. (DE 1 at 1.)

proceedings. *See*, *e.g.*, *O'Sullivan v. Boerekel*, 526 U.S. 838, 847 (1999); *see also* 28 U.S.C. § 2254(c).

7. An attempt to exhaust all state remedies may place a habeas petition in jeopardy under the one-year statute of limitations set out in § 2244(d)(1). A court may therefore, in certain "limited circumstances," grant a protective stay to permit a petitioner to exhaust his unexhausted claims without letting the limitations period expire on the exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *accord Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004).

8. Pursuant to *Rhines*, 544 U.S. at 277-78:

> [S]tay and abeyance is only appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

9. Petitioner has not provided any information to the Court about what implications the new rule announced in *J.L.G.* would have on his conviction. The Court will accordingly deny Petitioner's stay application.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 30th day of June, 2020,

**ORDERED** that Petitioner's motion for a stay of this action (at DE 14) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Order upon Petitioner by U.S. mail.

                                                                        _____
                                                                        HON. JOHN MICHAEL VAZQUEZ
                                                                        United States District Judge